# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>JOSE MANUEL ROMERO TORRES,<br><br>   Defendant. | Case No.: **20-mj-4384**<br><br>COMPLAINT FOR VIOLATION OF<br><br>21 U.S.C. §§ 846, 841(a)(1)<br>Conspiracy to Manufacture Marijuana |

The undersigned complainant being duly sworn states:

## COUNT 1

<u>21 U.S.C. §§ 846, 841(a)(1) Conspiracy to Manufacture Marijuana (Felony)</u>

Beginning on a date unknown and continuing up to at least October 3, 2020, within the Southern District of California and elsewhere, defendant JOSE MANUEL ROMERO TORRES did knowingly and intentionally conspire, and agree with others known and unknown, to commit the following offense against the United States, that is to manufacture a controlled substance, to wit, 3,000 or more marijuana plants, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1);

In furtherance of the conspiracy and in order to effect the object thereof, the following overt act was committed within the Southern District of California:

a. On or about October 3, 2020, in San Diego, defendant JOSE MANUEL ROMERO TORRES applied for entry into the United States with thirteen containers of Mexican pesticides, that is, four bottles of "Metrifos 600," four bottles of "Rayo 50 EC," four bottles of "Kanemite," and one bottle of "Surfing-Ad," intending that they be used in the manufacture of marijuana.

All in violation of Title 21, United States Code, Section 846.

The complainant states that this complaint is based on the attached Statement of Facts incorporated herein by reference.

_____
Michael Lesley, Special Agent
Homeland Security Investigations

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1 on October 7, 2020.

_____
HON. KAREN S. CRAWFORD
U.S. MAGISTRATE JUDGE

United States of America
    v.
Jose Manuel ROMERO Torres

## PROBABLE CAUSE STATEMENT

I, Special Agent Michael Lesley, declare under penalty of perjury, the following is true and correct:

At approximately 9:12 p.m. on October 3, 2020, Jose Manuel ROMERO Torres entered the United States at the San Ysidro Port of Entry as the driver and sole occupant of a 2015 Toyota Corolla bearing California license plates. The Customs and Border Protection (CBP) Officer asked ROMERO if he had anything to declare, and ROMERO responded that he had nothing to declare. The CBP Officer then asked ROMERO if he had purchased anything in Mexico, and ROMERO responded that he had purchased chemicals. The CBP Officer asked ROMERO to open the trunk of the vehicle, and inside the trunk the CBP Officer located bottles of pesticides. The CBP Officer then referred the vehicle to Secondary for further inspection.

In the Secondary inspection area, CBP Officers seized a total of 13 bottles of Mexican pesticides. Specifically, the CBP officers seized: four bottles of "Metrifos 600," four bottles of "Rayo 50 EC," four bottles of "Kanemite," and one bottle of "Surfing-Ad."

After being advised of his Constitutional rights and waiving his rights in writing, ROMERO stated that he began working as a trimmer on a marijuana grow in

the forest near Bakersfield, California, in August 2019. ROMERO stated that he harvested marijuana from the forest near Bakersfield as recently as September of 2020. ROMERO stated that he was bringing the pesticides into the United States for an associate, and that the pesticides were intended to be used in the cultivation of marijuana. During the interview, ROMERO identified his cell phone and gave me consent to look through it. In looking through his cell phone, I found a text exchange in Spanish from July 30, 2020, about pesticides. I also saw photographs and videos of what appear to be public land marijuana grows. ROMERO stated the marijuana plants are planted near wild plants and trees in order to obscure detection by law enforcement from above.  ROMERO stated that these marijuana grows that he worked on consisted of approximately 3,000 marijuana plants.

According to the label, the four bottles of "Metrifos 600" contain the active ingredient methamidophos. EPA special agents advised that in the United States, methamidophos is a cancelled pesticide, due to the fact that it is lethal if ingested, absorbed through the skin, or inhaled; highly toxic to bees; very highly toxic to birds; highly toxic to mammals; very highly toxic to freshwater invertebrates; toxic to estuarine and marine fish and invertebrates; capable of entering surface water as runoff; and a risk to drinking water.

According to the label, the four bottles of "Rayo 50 EC" contain the active ingredient lambda-cyhalothrin. EPA special agents advised that in the United

States, lambda-cyhalothrin is a restricted use pesticide for most emulsifiable concentrations including 9.48% and 4.94%. The Rayo 50 EC ROMERO had in his possession had a lambda-cyhalothrin concentration of 5.3%, which is similar to these restricted use products. EPA special agents advised that in the United States, lambda-cyhalothrin is a restricted-use pesticide because it is lethal if ingested, toxic if absorbed through the skin, or inhaled, and very toxic to aquatic life with long lasting effects. In the United States, federal regulations limit the sale and use of restricted-use pesticides to applicators certified by a program approved by the EPA, who have received training in mitigating the dangers of such pesticides, and persons under their direct supervision. A search of the database of certified pesticide applicators in California revealed that ROMERO holds no such certification.

According to the label, "Kanemite" contains the active ingredient acequinocyl. EPA special agents advised that in the United States acequinocyl is a pesticide but not a restricted use pesticide.

According to the label, "Surfing-Ad" contains the active ingredient nonylphenol. EPA special agents advised that nonylphenol is a regulated chemical substance under the Toxic Substances Control Act (TSCA) because nonylphenol is persistent in the aquatic environment, moderately bioaccumulative, extremely toxic to aquatic organisms, and has been shown to exhibit estrogenic properties in in-

vitro and in-vivo assays. Imports of chemical substances, mixtures, or articles that contain a chemical substance or mixture, must comply with TSCA in order to enter the United States by having the importer file a positive or negative TSCA certification, 15 U.S.C. § 2612 and 19 C.F.R §12.118 through §12.127. ROMERO did not sign and file a TSCA certification in any entry documentation with CBP.

Federal law prohibits the distribution and sale of canceled or unregistered pesticides. 7 U.S.C. §136j(a)(1)(A). Only pesticides registered with the EPA may be imported or sold in the United States. 7 U.S.C. §136o(c). All pesticides intended for use in the United States must bear their EPA registration number on their labels, preceded by the phrase "EPA Registration No." or "EPA Reg. No." 40 C.F.R. §156.10(e). In addition, all required information on a label must appear in the English language. 40 C.F.R. §156.10(a)(3). The containers of pesticide found with ROMERO were labeled only in Spanish and bore no EPA registration numbers.

The lawful importation of pesticides into the United States requires a Notice of Arrival to be provided to U.S. Customs, pursuant to 19 C.F.R. §12.112. ROMERO provided no such Notice of Arrival for the pesticides in this case.

On October 4, 2020, agents gave ROMERO a Notice to Appear, requiring him to appear in San Diego before the duty magistrate at 2:00 p.m. on October 15, 2020, to answer to these charges.